**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WALTER KANIARU KIMANI,

          Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

          Respondent.

No. 14-71808

Agency No. A089-696-920

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016[**]

Before:     REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

     Walter Kaniaru Kimani, a native and citizen of Kenya, petitions for review

of the Board of Immigration Appeals' order affirming an immigration judge's

order denying his motion to reopen removal proceedings conducted in absentia.

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We grant the petition for review and remand.

The agency abused its discretion in denying Kimani's motion to reopen based on exceptional circumstances, where Kimani demonstrated that an attorney's statements led him to believe that an attorney-client relationship existed between them, that the attorney would attend his hearing on March 6, 2012, and that Kimani was not required to attend the hearing. *See* 8 C.F.R. § 1003.23(b)(4)(ii) ("An order of removal entered in absentia . . . may be rescinded only upon a motion to reopen filed within 180 days after the date of the order of removal, if the alien demonstrates that the failure to appear was because of exceptional circumstances[.]").

We remand for the agency to determine whether Kimani is entitled to equitable tolling of the 180-day filing deadline. *See id*; *Avagyan v. Holder*, 646 F.3d 672, 679-80 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen). We note that Kimani provided evidence to the agency that a month after being ordered removed in absentia, he retained a lawyer to file a motion to reopen, but the attorney failed to file the motion.

In light of this disposition, we do not reach Kimani's remaining contentions.

2                                                                    14-71808

We grant Kimani's motion (Docket Entry No. 14) to withdraw his motion for judicial notice (Docket Entry No. 8), and deny his motion for a stay of proceedings (Docket Entry No. 36).

**PETITION FOR REVIEW GRANTED; REMANDED.**

14-71808